IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION, DISTRICT OF UTAH

| | |
|---|---|
| STEVEN RASMUSSEN, | Case No. 2:04 CV 99 PGC |
| Plaintiff/Counterclaim Defendant, | **REPORT AND RECOMMENDATION** |
| vs. | Judge Paul G. Cassell |
| GENERAL GROWTH PROPERTIES, INC. and PROVO MALL, LLC, | Magistrate Judge Brooke C. Wells |
| Defendants/Counterclaim Plaintiffs. | |

"For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] Steven Rasmussen has filed a Motion to Change Venue to the United States District Court of Alaska because he is moving to Anchorage, Alaska. The court finds that Defendants have not submitted to jurisdiction in Alaska and Rasmussen has failed to meet the legal standard for transfer of venue pursuant

---

[1] 28 U.S.C. § 1404.

1

to 28 U.S.C. §§ 1331 and 1404. The court therefore recommends that Rasmussen's Motion to Change Venue be DENIED.

Rasmussen filed this case to prevent transfer of two domain names, <provotownecenter.com> and <provotownecentre.net>, to Defendants. This transfer is based on a decision from a panel of the World Intellectual Property Organization Arbitration and Mediation Center, which found that Rasmussen registered, and used these domain names in bad faith violating Defendants' rights in their service mark. Defendants submitted to jurisdiction in this court based on Rule 3(b)(xiii) of The Rules for Uniform Domain Name Dispute Resolution Policy (ICANN Rules). This rule requires a party initiating an action to "submit, with respect to any challenges to a decision in the administrative proceeding canceling or transferring the domain name, to the jurisdiction of the courts in at least one specified Mutual Jurisdiction."[2] Rasmussen argues that "since Defendants' have submitted in writing to the jurisdiction of Plaintiff's address, Salt Lake city has been the proper venue to hear this case."[3] But, now that Rasmussen is moving to Alaska, Defendants have submitted to jurisdiction in Alaska. A close reading of the ICANN rule does not support Rasmussen's argument. Rasmussen filed this case and

---

[2] ICANN 3(b)(xiii), attached as Ex. A to Def.'s Opp. Mem. p. 6.

[3] Pla.'s Mtn, p. 4., docket number 89.

the "mutual jurisdiction" was Utah not Alaska. So Rasmussen's argument is rejected by the court.

Finally, the court cannot find any basis under sections 1331 or 1404 to change venue in this case. Accordingly, Rasmussen's Motion for Change of Venue should be denied.

## SUMMARY JUDGMENT

### Plaintiff's Motion for Summary Judgment Should be Denied

Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[4] Rasmussen has filed a Motion for Summary Judgment arguing that summary judgment is proper based on violations of the discovery rules by Defendants. In contrast, Defendants filed a Motion to Strike Rasmussen's motion arguing that his motion was filed two months after the deadline for filing dispositive motions without leave of court. And, Rasmussen's sur-reply, which was filed at the same time as his motion, should be stricken for the same reason. Additionally, according to Defendants, Rasmussen's "redundant and disingenuous protestations concerning discovery abuses are unavailing."[5]

After a thorough review of the record this court agrees with Defendants. There is nothing in the record which supports

---

[4] See Fed. R. Civ. P. 56; Young v. UAW-LETC, 95 F.3d 992, 996 (10th Cir. 1996).

[5] Def.s' Mem. in Supp. of Mtn. p. 2, docket number 84.

Rasmussen's broad allegations of discovery abuse and "lies."[6] Moreover, Rasmussen failed to obtain leave of court for filing a dispositive motion after the court ordered deadline of July 28, 2005.[7]  Accordingly, this court recommends that Rasussen's Motion for Summary Judgment be DENIED and Defendants' Motion to Strike be GRANTED.

---

[6] *See* Pla.'s Rep. to Def.s' Rep. p. 1-2.

[7] *See* Order dated June 9, 2005, p. 2, docket number 61.

RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment and Motion to Change Venue be DENIED.  Defendants' Motion to Strike should be GRANTED.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  The parties must file any objection to the Report and Recommendation within ten days after receiving it.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 8th day of November, 2005.

BY THE COURT:

_____
BROOKE C. WELLS
United States Magistrate Judge